## Manfre v. PennDOT

*G. Clair Baker,* for plaintiff.
*Arthur Schneider,* for plaintiff.
*James J. Dodd-o,* for defendant.

WALKER, *J.,* January 24, 1992—

## FINDINGS OF FACT

On August 10, 1989, the plaintiff, Dominic P. Manfre, filed suit against the Department of Transportation of the Commonwealth of Pennsylvania. The complaint alleged that the plaintiff had been involved in a one vehicle accident on June 12, 1988. The complaint further alleged that the vehicle in question, the plaintiff's motorcycle, came into contact with debris on the road and that this caused the plaintiff to lose control of his motorcycle.[1]

After two continuances in this matter, an office conference was held on December 27, 1991. At that time, PennDOT raised the issue of sovereign immunity. Both parties and the court agreed that this issue was a question

---

1. An amended complaint was filed on September 28, 1989, which simply added some details to the original complaint.

of law, not fact, and thus in the province of the court, not the jury. This court asked for memorandum of law on the applicability of sovereign immunity to this suit. These memos have been received and thus this matter is ripe for decision.

## DISCUSSION

The basis for sovereign immunity in Pennsylvania is found in its Constitution, specifically Article 1, section II.

"Section II—*Courts to be open; suits against the Commonwealth*

"All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay. Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct."

In 1 Pa.C.S. §2310, Sovereign immunity reaffirmed; specific waiver, the General Assembly affirmed that sovereign immunity was still the law in this Commonwealth except when specifically waived by stature.

The plaintiff claims that the General Assembly has done exactly that in this case, PennDOT disagrees. Both parties agree, however, that the relevant exception to sovereign immunity is 42 Pa.C.S. §8522(b)(4). That section reads as follows:

"(b) *Acts which may impose liability*—The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the de-

fense of sovereign immunity shall not be raised to claims for damages caused by:

"(4) *Commonwealth real estate, highways and sidewalks*—A dangerous condition of Commonwealth agency real estate and sidewalks, including Commonwealth-owned real property, leaseholds in the possession of a Commonwealth agency and Commonwealth-owned real property leased by a Commonwealth agency to private persons, and highways under the jurisdiction of a Commonwealth agency, except conditions described in paragraph (5)."[2]

PennDOT argues that under §8522(b)(4), the plaintiff must show that the defect in the land itself caused the accident. The defect must be in the structure of the property, not merely on the property. Since the complaint alleges that the debris on the road and not the road itself caused the accident, PennDOT argues that this claim is barred by sovereign immunity.

Mr. Manfre does not disagree with PennDOT's characterization of the law. He does, however, disagree with PennDOT's characterization of the facts. Mr.

---

2. Section 5 waives sovereign immunity when natural elements create a dangerous condition on the highway, e.g., potholes and sinkholes. However, there are additional conditions for proceeding under section 5. The plaintiff must show that the dangerous condition created a reasonable foreseeable risk of the kind of injury that actually occurred. He must further show that the Commonwealth agency had actual written notice of the dangerous condition and that said notice occurred a sufficient time before the accident to have allowed the agency an opportunity to protect against the dangerous condition. Finally, property damages are not recoverable under section 5.

Since the plaintiff has not attempted to argue the application of section 5 to his cause of action at this time, the court will not entertain attempts to bring this case under section 5 at the time of trial.

Manfre claims that the debris on the road was left over gravel from PennDOT's repair work in April 1988. Since PennDOT itself caused the gravel to be on the road, the accident was caused by the dangerous condition of Commonwealth-owned property.

The court feels that the plaintiff's characterization of his case, if proven, would state a cause of action which would not be subject to sovereign immunity. The court wants to make very clear, however, that in order for this case to go to the jury, there must be evidence that the debris in question was placed there by PennDOT. If the testimony at trial reveals that the repair work in question did not occur at the scene of the accident, this court would grant a nonsuit against the plaintiff. Mere debris is not a defect in the land itself and is subject to sovereign immunity. If, however, the plaintiff can prove the debris was on the road because of some affirmative action on the part of PennDOT, the court will send this case to the jury for their determination.[3]

---

3. The court emphasizes this point because after its review of the complaint and the amended complaint it appeared to the court that the plaintiff was asserting that PennDOT breached its duty to maintain the road. See complaint, paragraph 7, amended complaint, paragraph 10. The complaint did not assert that PennDOT itself was responsible for the debris' presence in the first place. However, since that is the theory now being advanced by the plaintiff and since it is not inconsistent with what is in the complaint, the court will allow the plaintiff to proceed. The plaintiff is on notice, however, that he has locked himself into his theory of recovery and the court will take a dim view of any further attempts to modify the complaint.

## CONCLUSION

The plaintiff has stated a cause of action which is not subject to sovereign immunity. Specifically, this court feels that 42 Pa.C.S. §8522(b)(4) would allow a lawsuit to proceed against PennDOT if PennDOT negligently left gravel or debris on the roadway and such gravel or debris was the proximate cause of plaintiff's injuries. The court will therefore allow the plaintiff the opportunity to proceed under that theory.

## ORDER OF COURT

January 24, 1992, the court will not dismiss the case because of the sovereign immunity statute. The plaintiff must prove that this case falls within 42 Pa.C.S. §8522(b)(4).